IN THE SUPREME COURT OF THE STATE OF NEVADA

LEMEL HANKSTON,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
Respondent.

No. 71529

**FILED**

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER VACATING AND REMANDING*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Lemel Hankston argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Hankston's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Hankston is serving a sentence pursuant to such a statute for a weapon enhancement related to an attempted murder committed on or between July 17, 1997, and June 30, 2007. *See* NRS

[1]Having considered Hankston's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37744

193.165 (1995) (providing sentence for weapon enhancement based on sentence imposed for primary offense); NRS 193.330(1)(a)(1) (setting forth sentencing range for attempt to commit a category A felony). Consistent with *Williams*, the credits that Hankston has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. James Todd Russell, District Judge
      Lemel Hankston
      Attorney General/Carson City
      Attorney General/Las Vegas
      Carson City Clerk

---

[2]The court cannot grant Hankston any relief on the sentence that he has already expired. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. Similarly, the court cannot grant him any relief on the sentence he is serving if he has already appeared before the parole board on that sentence. *Id.* It is unclear from the record before this court whether Hankston has appeared before the parole board on his current sentence. The district court may consider any evidence in that respect on remand.